UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO PICART, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UDIN SALIM, et al.,<br><br>  Defendants. | Case No. 5:17-cv-02972-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER RE IFP APPLICATIONS**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Re: Dkt. Nos. 2, 3, 4 |

Francisco Picart and Magali T. Estrada, proceeding pro se, seek to file this lawsuit for alleged violation of the Americans with Disabilities Act (ADA), as well as other claims. Although Picart's relationship to Estrada is unclear, the allegations of the complaint indicate that they are both Sunnyvale residents. Defendants Udin Salim and Nancy Cheng are identified as California residents who own certain real property in Sunnyvale. The complaint also names two Doe defendants, who are identified as the tenants or renters of the property owned by Salim and Cheng.

Picart says that he suffers from Tourette's Syndrome and has a service dog. He claims that defendants harassed him one day while he was washing his car by calling the police to complain that Picart "was displaying bizarre behavior and yelling obscene language," even after Picart says he told them about his condition. (Dkt. 1 at p. 5). The complaint further alleges that defendants tried to have Picart's service dog stop barking and "serv[ed] a notice to cure the barking" while the

dog was in the backyard of Estrada's private property. (Id. at p. 4). The complaint also seems to allege that defendants stood by a fence to videotape the dog, provoking it to bark. Picart and Estrada assert four claims for relief: (1) violation of the ADA, (2) negligence, (3) nuisance, and (4) "breach of conduct" based on an alleged "breach of the covenant of quiet enjoyment."[1] They both also seek leave to proceed in forma pauperis (IFP).

For the reasons to be discussed, this court terminates both IFP applications and recommends that (1) the ADA claim be dismissed with prejudice; and (2) the district court decline jurisdiction over the remaining claims, and dismiss those claims without prejudice to filing them in state court.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Picart's and Estrada's respective IFP applications are incomplete. Both state that they receive some form of Social Security income, but neither one identifies the amounts that they receive. Ordinarily, this court would direct Picart and Estrada to re-submit their IFP applications to provide complete information. In this instance, however, this court will instead terminate both applications because the undersigned concludes that the ADA claim, the sole basis for federal jurisdiction, should be dismissed with prejudice.

Although the complaint does not identify which section of the ADA forms the basis for this suit, none appear relevant to this matter. The ADA is comprised of five titles and prohibits

---

[1] Although the complaint purports to list five claims for relief, only four are actually specified.

United States District Court
Northern District of California

disability discrimination in employment (Title I, 42 U.S.C. § § 12111-12117); in public services by state and local governments (Title II, 42 U.S.C. §§ 12131-12165); in the provision of commercial facilities and places of public accommodation by private entities (Title III, 42 U.S.C. §§ 12181-12189); and with respect to telecommunications and common carriers (Title IV, 47 U.S.C. § 225). Title V contains miscellaneous enforcement provisions and exemptions, 42 U.S.C. §§ 12201-12213.

There is nothing to suggest that this case arises under Titles I-IV. As for Title V, although this court has not found Ninth Circuit or Supreme Court authority addressing the issue, courts in this district have held that, based on the remedial structure of the statute, ADA claims cannot be brought against individual defendants who do not fall within the scope of Titles I, II, or III of the ADA. See Rein v. Ainer, No. 14-cv-01698 JD, 2014 WL 5828797 at *3-4 (N.D. Cal., Nov. 10, 2014) (concluding that the plaintiff could not state an ADA claim against individual defendants who were not plaintiff's employer, a state or local government agency, or owners of a place of public service or accommodation) (citing Stern v. California State Archives, 982 F. Supp. 690 (E.D. Cal. 1997); see also generally Ross v. Independent Living Resource of Contra Costa Cnty., No. C08-00854 TEH, 2010 WL 1266497 at *3 (N.D. Cal., Apr. 1, 2010) (agreeing with the majority of courts that have concluded that "while section 503 [of Title V] on its face applies to any 'person,' its remedies are drawn from provisions that apply only to 'employer[s]' and other 'covered entit[ies].'").

This court finds that this is a legal deficiency that cannot be remedied by amendment and therefore recommends that the ADA claim be dismissed with prejudice. Because the ADA claim is the sole basis for federal jurisdiction,[2] and given the very early stage of this litigation, the district court should decline to exercise jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3) (providing that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has

---

[2] Picart and Estrada do not invoke the court's diversity jurisdiction, 28 U.S.C. § 1332. And, because they and one or more of the defendants are California residents, this court finds no basis for diversity jurisdiction in any event.

original jurisdiction."). Those remaining claims should be dismissed without prejudice to filing them in state court.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge (1) dismiss the ADA claim with prejudice; and (2) decline to exercise jurisdiction over the remaining claims and dismiss those claims without prejudice to filing them in state court.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

SO ORDERED.

Dated: June 5, 2017

HOWARD R. LLOYD
United States Magistrate Judge

1  5:17-cv-02972-HRL Notice sent by U.S. Mail on 6/5/2017 to:

2  Francisco Picart
   P.O. Box 62301
3  Sunnyvale, CA 94088

4  Magali T. Estrada
   P.O. Box 62301
5  Sunnyvale, CA 94088